## In re ENDERS.

1. CRIMINAL LAW—SPECIAL TERM OF COURT—JURISDICTION—NONJURY CASE.

Trial court, sitting in Grand Traverse county in a special session of the circuit court of Antrim county, which 2 counties were part of a judicial circuit containing more than 3 counties, had jurisdiction to arraign a man accused of breaking and entering in the nighttime and of being a second offender in Antrim county, accept his pleas of guilty and impose sentence, in view of statute authorizing. holding of special terms of court for transaction of judicial business arising in another county of the same circuit but not involving determination by a jury (CL 1948, §§ 691.231, 750.110, 769.10 *et seq.*).

2. HABEAS CORPUS—QUESTIONS REVIEWABLE—REVIEW OF DENIAL OF MOTION TO VACATE SENTENCE AND FOR NEW TRIAL.

The review of the denial of a motion to vacate sentence and for new trial is not by way of habeas corpus, as such writ does not function as a writ of error.

3. SAME—RECORD.

Alleged grounds for release, claimed by petitioner for habeas corpus, *held,* not supported by record in habeas corpus and ancillary writ of certiorari, the charges that prior to trial he had been held incommunicado, threatened with being charged with being a fourth offender, promised leniency, not informed of his rights, denied counsel, and not informed of right to jury trial having been refuted by officers familiar with entire circumstances surrounding petitioner's arrest, detention, confession, and pleas of guilty in open court and showing in detail what was said and what occurred.

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Criminal Law § 234.
[2] 25 Am Jur, Habeas Corpus § 28.
[3] 25 Am Jur, Habeas Corpus § 49.

Habeas corpus by Charles W. Enders with accompanying certiorari to Antrim circuit court to obtain his release from State prison of southern Michigan. Submitted June 27, 1952. (Calendar No. 45,291.) Writ dismissed October 6, 1952.

*Charles W. Enders, in pro. per.*

*Frank G. Millard,* Attorney General, and *Harry F. Cook,* Prosecuting Attorney, for the people.

BOYLES, J. This petitioner, now confined in the State prison for southern Michigan in Jackson county, seeks habeas corpus and ancillary certiorari to obtain his release from such prison. He was arrested on a warrant charging breaking and entering in the nighttime [1] at Elk Rapids, in Antrim county, on September 16, 1946, and had an examination before a magistrate in that county resulting in being bound over to the circuit court for said county for trial. The prosecuting attorney filed an information in the Antrim county circuit court charging said offense, and also filed an information charging petitioner as a second offender under the habitual criminal act, [2] alleging a prior conviction in Kent county for robbery armed. One Lundberg signed a written confession that he and this petitioner together had broken into and entered 8 buildings in northern Michigan and above the Straits while on an alleged fishing trip which started September 13th and ended September 15th or 16th by their breaking into and entering a garage in Elk Rapids, Antrim county, with intent to commit larceny as alleged in the information filed. Petitioner signed an appended written statement in the presence of a captain of the State police and 2 of

[1] See CL 1948, § 750.110 (Stat Ann § 28.305).—REPORTER.
[2] See CL 1948, § 769.10 *et seq.* (Stat Ann § 28.1082 *et seq.*).—REPORTER.

petitioner's relatives, agreeing to the truthfulness of Lundberg's confession, after having read it; adding that he had carried a loaded gun into the jail where he was then confined and concealed it under his pillow. On September 26, 1946, he was arraigned on said charge of breaking and entering, at a special session of the circuit court in Grand Traverse county, in the same judicial circuit with Antrim county. The record returned to us in response to our writ of certiorari to the circuit court contains a full transscript of what occurred at said arraignment. It shows that he stated that he understood the charge, that there was nothing in connection with it that he desired to have explained to him by counsel or anyone else before he entered a plea, that there was no one he wished to talk to concerning his rights before pleading, that he fully understood the charge and its seriousness, and that thereafter he pleaded guilty. He admitted in open court that he and Lundberg were together when the crime was committed and, in answer to questions by the court, detailed the circumstances of the breaking and entering, admitted that they stole 6 tires from the garage, and also gave, in detail, the circumstances of his arrest immediately afterward by officers who (he said) were "a bit too hot" on his trail. He said that he was 26 years old, that there was nothing he cared to discuss privately with the court, admitted he was on parole from Kent county at the time, said in open court that no promises, inducements or threats had been made to him, and admitted his previous conviction and sentence for robbery armed and his unexpired parole. The court thereupon accepted his plea of guilty to the charge of breaking and entering in Antrim county and then he was arraigned on the supplemental information under the habitual criminal act. It was read in open court by the prosecutor and, in answer to questions, petitioner said he understood the law

applying to the supplemental information, admitted his previous arrest, conviction and sentence for the felony therein described, that he was the same person therein described, admitted his conviction in Kent county for robbery armed, was advised by the court that he was entitled to the advice of counsel or anyone else he desired to talk to, and he said he did not desire it, or to talk to anyone. The court explained he was entitled to have a trial before a jury, petitioner said that he understood that, and did not desire it, and thereupon he pleaded guilty to the supplemental information. He admitted he understood that it was the court's duty to sentence him under the habitual criminal law as a second offender, that the penalty would be greater than for a first offense, that no promises or inducements had been made to him by any police officer or anyone else to influence his action, again affirmed his previous statements as to the truth of the written confession made by Lundberg, said that all the statements therein were true, whereupon the court accepted his plea of guilty under the supplemental information. Later in the same day, after again admitting in open court the truth of the statements that he had previously made, including affirming the truth of the confession by Lundberg, he was sentenced to be confined in the southern Michigan prison for not less than 15 nor more than 22 1/2 years. These proceedings took place at a special session in open court in Grand Traverse county as hereinbefore noted.

The return to our writ of certiorari shows that on September 26, 1946, the circuit judge for said judicial district presided over said special session of the circuit court at Traverse City, in Grand Traverse county, which was in the same judicial circuit with Antrim county, that the proceedings hereinbefore detailed were had before the circuit judge of said judicial circuit in Grand Traverse county and that

said circuit judge there accepted petitioner's pleas of guilty and imposed the sentence. The transcript also shows that on January 5, 1950, the sentencing judge had denied his petition filed in the circuit court for Antrim county for habeas corpus and also for leave to file a motion for a new trial.

Petitioner now seeks release on the ground that said proceedings were had before the circuit judge of said judicial circuit in Grand Traverse county, instead of in Antrim county where the offense was committed. The court had statutory jurisdiction to hold such proceedings in Grand Traverse county to hold the arraignment and accept the pleas of guilty and impose sentence there, acting in a special session of the court in Grand Traverse county, said judicial circuit then consisting of more than 3 counties. CL 1948, § 691.231 (Stat Ann § 27.561) ; *In re Joslin, ante,* 627.

The other grounds on which petitioner seeks release on habeas corpus are that following his arrest he was held incommunicado, threatened with being charged with being a fourth offender, promised leniency, not informed of his rights, denied counsel or having been informed that he was entitled to a jury trial. The only proof presented by petitioner to support these claims rests in his own allegations, supported only by his ambiguous affidavit in which he states that he had "checked and examined the records and files of this cause,   *   *   *   upon the showings of said examination that he believes the foregoing petition, by him submitted, to be good and meritorious," and "that the notarization of this, his affidavit in support of his petition for writ of habeas corpus, shall also stand for and cover, his affidavit of proof of filing praecipe, affidavit of *ad subjiciendum,* affidavit of proof of service, statement of facts and all the documents of this cause." His barren unsupported assertions are refuted by the affidavits

of a captain and a sergeant of the State police who were present, personally familiar with the entire circumstances surrounding petitioner's arrest, detention, confession, and pleas of guilty in open court, which show in detail what was said and what occurred, and fully refute petitioner's charges; which affidavits appear in the record as a part of the answer filed here to this petition for habeas corpus. In addition, the record certified here in response to certiorari contains a transcript of the entire proceedings in open court. It shows that petitioner was not held incommunicado but, on the contrary, was allowed visitation by 2 of his relatives, who were present at the time he freely admitted the truth of Lundberg's confession and made his own additions thereto.

We might well rely solely on the well-established law that habeas corpus will not be allowed to function as a writ of error, and that petitioner's remedy would be to file here an application for leave to appeal from the denial of his motion filed in the trial court to vacate his sentence and for a new trial. See *In re Joslin, supra.* However, we have carefully examined the entire record submitted here and find no support in fact or law for petitioner's alleged grounds on which he bases his petition here for release.

The petition is denied and the writ dismissed.

Dethmers, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.

The late Chief Justice North did not sit.